# In the United States Court of Federal Claims

No. 18-1943C

(Filed: August 11, 2020)

|  |  |
|---|---|
| HCIC ENTERPRISES, LLC, <br> d/b/a HCI GENERAL CONTRACTORS, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Keywords: Failure to State a Claim; RCFC 12(b)(6); Sua Sponte; Contracting Officer Final Decision |

*Frank V. Reilly*, Fort Lauderdale, FL, for Plaintiff.

*Robert C. Bigler*, Trial Attorney, Commercial Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant, with whom were *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General.

**ORDER**

**KAPLAN, Judge.**

This case—which is before the Court on its order to show cause why the complaint should not be dismissed—involves a contract to repair roofs at the Federal Correctional Institution in Estill, South Carolina ("FCI Estill").[1] In its initial complaint, Plaintiff HCIC Enterprises, LLC ("HCIC") alleged that the Federal Bureau of Prisons ("FBOP") breached the contract when it failed to provide HCIC's crews "access" to the worksite. Before the agreed-upon discovery period closed, HCIC filed a motion for summary judgment (which it styled a motion for judgment on the pleadings), and to which the government responded by filing its own cross-motion for partial summary judgment concerning an issue of contract interpretation.

After holding oral argument, the Court denied HCIC's motion for summary judgment and granted the government's cross-motion. It held that contractual provisions promising HCIC

---

[1] The Court has set forth a more detailed recitation of the relevant facts in its previous orders. See generally HCIC Enters., LLC v. United States, 147 Fed. Cl. 118 (2020) (denying HCIC's motion for summary judgment and granting the government's cross-motion for partial summary judgment); HCIC Enters., LLC v. United States, 2020 WL 4197996 (Fed. Cl. July 9, 2020) (denying HCIC's second motion to amend its complaint).

"access" to the worksite must be read in light of applicable security requirements. Those requirements dictated that HCIC's workers must be accompanied by prison escorts while at FCI Estill, and which stated that FBOP was only required to make two escorts available for that purpose. Id.

In the meantime, HCIC filed a motion to amend its complaint the day before the Court ruled on the cross-motions. See ECF No. 27. Then, the day before the government's response to that motion was due, HCIC filed a second motion to amend. See ECF No. 29.

The Court denied HCIC's first motion to amend on mootness grounds. It subsequently denied HCIC's second motion to amend on July 9, 2020, because none of the claims HCIC set forth in its proposed amended complaint would survive a motion to dismiss. The Court ordered HCIC to show cause why its initial (and still operative) complaint should not be dismissed pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").

HCIC filed a response to the Court's show cause order on July 27, 2020. In it, HCIC presents several new theories of recovery: 1) that the government and not HCIC "controlled the schedule" so that "the delay [in completion of the roofing repairs] was beyond HCIC's control as a matter of law"; 2) that HCIC has a claim under the differing site conditions clause because "a review of the physical conditions at the jobsite prior to bid did not plainly reveal that the FBOP's required 12-month project duration was impossible"; and 3) that FBOP constructively changed the contract by extending its duration beyond the original one-year performance period. Pl.'s Resp. to This Ct.'s July 9, 2020 Order to Show Cause ("Show Cause Resp.") at 4–7, ECF No. 38.

At the outset, the Court notes that because none of the claims HCIC presents in its response are in the operative (original) complaint, its response does not comply with the Court's show cause order. That order, as noted, required HCIC to explain why its initial complaint should not be dismissed, sua sponte, for failure to state a claim. Further, even assuming HCIC were to file yet another motion to amend the original complaint, and assuming the Court were willing to entertain it, none of HCIC's new contentions would survive a motion to dismiss.

For example, HCIC argues that its project delays were "excusable and compensable" because FBOP has supposedly "successfully argued as a matter of law that it controlled the schedule and that HCIC did not." Id. at 4. (emphasis removed). The Court does not follow this argument; this Court never held that HCIC "controlled the schedule." It determined that under the contract HCIC's crews "could only work on one roof at a time, with one escort on the roof and one on the ground." HCIC Enters., 147 Fed. Cl. at 125. Therefore, it held, to the extent that the delays were caused by enforcement of the security requirements, HCIC was not entitled to an equitable adjustment of the performance period or the contract price.

Second, HCIC has never made factual allegations that would support a claim based on FAR 52.236-2 (entitled "differing site conditions"). See Show Cause Resp. at 3. It has never alleged that delays in the project were caused by "subsurface or latent physical conditions at the site which differ materially from those indicated in this contract," or "unknown physical conditions at the site, of an unusual nature, which differ materially from those ordinarily encountered and generally recognized as inhering in work of the character provided for in the

contract." FAR 52.236-2. Nor has it identified what the alleged "latent" or "unknown" physical conditions were that precluded it from timely completing performance. Indeed, to date, the only specific FBOP action that HCIC has contended caused performance delays was FBOP's enforcement of its security requirements.

HCIC's constructive change claim (as well as its "cardinal change" argument) similarly appear to have no factual or legal basis. As HCIC did in its motion for summary judgment, HCIC simply regurgitates boilerplate legal propositions without tying them to any supporting factual allegations. See HCIC Enters., 147 Fed. Cl. at 124 (observing that HCIC "does not identify what it claims are the undisputed facts and therefore cannot explain how the application of the legal standards it recites entitles it to judgment as a matter of law").

Nor does it appear that HCIC ever presented the claims it is floating in its response to the show cause order to the contracting officer. This Court therefore would lack jurisdiction to consider them under the Contract Disputes Act. See 41 U.S.C. § 7104; M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 1541–42 (Fed. Cir. 1996)) (explaining that a court's exercise of jurisdiction over a Contract Disputes Act claim "requires both a valid claim and a contracting officer's final decision on that claim").

In short, this Court's decision granting the government's motion for partial summary judgment effectively disposed of the sole discernible claim in HCIC's original complaint, i.e., that HCIC was entitled to an equitable adjustment of the performance period and contract price because FBOP had breached the contract by refusing to provide HCIC "access" to the worksite. Compl. ¶¶ 13, 15, ECF No. 1. Further, HCIC has now failed on multiple occasions to provide facts and a theory that would support any other claim or claims that could withstand a motion to dismiss under either RCFC 12(b)(1) or 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Plaintiff's complaint is **DISMISSED with prejudice** pursuant to RCFC 12(b)(6) for failure to state a claim. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge
